IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC T. ALSTON,

       Plaintiff,                          Civil Action No.: 13-CV-635-bbc

       v.

THE CITY OF MADISON,
NOBLE WRAY, TOM WOODMANSEE,
CORY NELSON, SAMANTHA D. KELLOGG,
PAIGE VALENTA and BRIAN REYNOLDS,

       Defendants.

---

## ANSWER

---

      Defendants, the City of Madison, Noble Wray, Tom Woodmansee, Cory Nelson, Samantha D. Kellogg and Paige Valenta, answer plaintiff's complaint, as screened by this Court's Opinion and Order of October 28, 2013, as follows:

      1.      Answering section I of plaintiff's complaint relating to jurisdiction & venue, these answering defendants admit that jurisdiction and venue are proper in this court for plaintiff's claims, but deny those claims are valid and lack knowledge and information sufficient to form a belief as to the truth of the third paragraph of this section and accordingly deny it.

      2.      Answering the first paragraph of section II of plaintiff's complaint, these answering defendants lack knowledge and information sufficient to form a belief as to the truth thereof and accordingly deny.

      3.      Answering the second paragraph of section II of plaintiff's complaint, these answering defendants admit that plaintiff attended a focused deterrence program on November 8, 2011 at the United Way building on Atwood Avenue in Madison, but lack knowledge and

information sufficient to form a belief as to plaintiff's understanding of or expectations for the meeting and accordingly deny those allegations. In further response, these answering defendants deny plaintiff was harassed since the early 1990's by the Madison Police Department and lack knowledge and information sufficient to form a belief as to all remaining allegations of this paragraph and accordingly deny them.

4. Answering the third paragraph of section II of plaintiff's complaint, these answering defendants admit that numerous individuals attended the November 8, 2011 meeting and admit those in attendance tried to reinforce the notion that further criminal offenses by those with a long history of criminal offenses would not be tolerated, but deny plaintiff was singled out among the attendees, deny harassment of plaintiff, and deny any constitutional violation occurred. Further answering, defendants lack knowledge and information sufficient to form a belief as to all remaining allegations of those portions of plaintiff's complaint that appear on the bottom of page four and the first half of page five.

5. Answering the remainder of section II of plaintiff's complaint, from page five through page nine, these answering defendants deny harassment of the plaintiff, deny any violation of plaintiff's constitutional rights, note that plaintiff's legal arguments and conclusions require no response, and lack knowledge and information sufficient to form a belief as to the truth of the factual allegations attempted to be set forth by plaintiff and accordingly deny them.

6. Answering the section of plaintiff's complaint captioned "Relief Request" on page ten, these answering defendants deny any violation of plaintiff's constitutional rights and deny he is entitled to any of the remedies he seeks.

7. As a first separate and affirmative defense, these answering defendants allege that plaintiff has failed to state a claim upon which relief may be granted against the City of Madison.

8.	As a second separate and affirmative defense, these answering defendants allege that plaintiff has failed to state a claim upon which relief may be granted against Noble Wray.

9.	As a third separate and affirmative defense, these answering defendants allege that plaintiff's complaint fails to state official capacity claims against Tom Woodmansee, Cory Nelson, Samantha Kellogg and Paige Valenta upon which relief may be granted.

10.	As a fourth separate and affirmative defense, these answering defendants allege that each defendant police representative is entitled to qualified immunity from suit.

11.	As a fifth separate and affirmative defense, these answering defendants allege that the actions of the defendant police representatives and the City of Madison were objectively reasonable in the circumstances presented.

12.	As a sixth separate and affirmative defense, these answering defendants allege that, to the extent plaintiff is attempting to pursue claims arising under the Wisconsin Constitution, he has failed to comply with the notice of claim requirements of Wis. Stat. § 893.80 and any such claims must be dismissed.

13.	As a seventh separate and affirmative defense, these answering defendants allege that plaintiff has failed to exhaust his administrative remedies for the alleged deprivation of his due process rights.

14.	As an eighth separate and affirmative defense, these answering defendants allege that some or all of plaintiff's claims may be barred by the doctrine of res judicata or collateral estoppel.

15.	As a ninth separate and affirmative defense, these answering defendants allege that any damages sustained by plaintiff were caused by intervening and/or superseding causes

over which these answering defendants had no control, including but not limited to, the acts or omissions of the plaintiff.

16. As a tenth separate and affirmative defense, these answering defendants allege that, at all time relevant to matters alleged in plaintiff's complaint, the defendants acted in good faith in accordance with established laws and administrative rules.

17. As an eleventh separate and affirmative defense, these answering defendants allege that plaintiff's due process claim should be dismissed because plaintiff failed to take advantage of process that was available to him.

WHEREFORE, defendants the City of Madison, Noble Wray, Tom Woodmansee, Cory Nelson, Samantha Kellogg and Paige Valenta request judgment dismissing plaintiff's complaint with prejudice and granting these defendants their costs and disbursements as provided by law, together with such other relief as the Court deems equitable.

DATED: November 22, 2013.

BOARDMAN & CLARK LLP
By

*/s/ Catherine M. Rottier*
Catherine M. Rottier, #1016342
Attorneys for Defendants, the City of Madison, Noble Wray, Tom Woodmansee, Cory Nelson, Samantha Kellogg and Paige Valenta

U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin 53701-0927
(608) 257-9521
crottier@boardmanclark.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

                                */s/ Catherine M. Rottier*
                                Catherine M. Rottier, #1016342