IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. ALSTON,

              Plaintiff,

      v.

THE CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
KATHY DAYTON and BRIAN REYNOLDS,

              Defendants.

OPINION AND ORDER

13-cv-635-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Eric T. Alston is proceeding on two claims: (1) defendants Samantha Kellogg, Paige Valenta, Tom Woodmansee, Cory Nelson, Noble Wray and the City of Madison forced him to be a part of the Focused Deterrence program, in violation of the equal protection clause and the due process clause and; (2) defendant Brian Reynolds issued a warrant for plaintiff's arrest without any suspicion of wrongdoing, in violation of the Fourth Amendment.  Now defendants have filed a motion to dismiss the second claim for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) on the ground that the claim is barred under the doctrine of issue preclusion.  Dkt. #22.  In addition, plaintiff has filed two motions:  a motion for an extension of time to respond to defendant's motion, dkt. #24, and a "motion for appointment of counsel," dkt. #27, which I construe as a motion for assistance in recruiting counsel.  Plaintiff's motion for an

1

extension of time is moot because plaintiff has filed a response to defendants' motion.  For the reasons discussed below, I am denying the other two motions as well.

OPINION

A.  Defendants' Motion to Dismiss

In arguing that plaintiff's Fourth Amendment claim should be dismissed, defendants rely on a decision from the Wisconsin Division of Hearings and Appeals in which the administrative law judge revoked plaintiff's parole as a result of several violations of his rules of community supervision.  One of the allegations was that, "[o]n or about 11/16/11 Eric Alston did fail to make himself available for a scheduled home visit.  His whereabouts were unknown to the Department of Corrections until his arrest on 12/06/11."  The administrative law judge found that plaintiff "acted as described" in that allegation.  Dkt. #22-1.  Defendants argue that, under the doctrine of issue preclusion, the administrative law judge's revocation decision precludes plaintiff from arguing in this case that, on November 16, 2011, defendant Brian Reynolds issued a warrant for plaintiff's arrest without any suspicion of wrongdoing.  Defendants cite University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986), in which the Supreme Court stated, "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts."

I will assume for the purpose of this motion that the administrative law judge's

2

decision is an example of a "state agency acting in a judicial capacity." However, even with the benefit of that assumption, defendants' motion has several problems.

To begin with, defendants ignore the question whether Wisconsin state courts would give preclusive effect to the administrative law judge's decision in this case. The only state court cases cited by defendants involve the preclusive effect of judicial decisions. My own cursory review of the case law reveals that Wisconsin courts have applied issue preclusion to some administrative decisions, e.g., Lindas v. Cady, 183 Wis. 2d 547, 515 N.W.2d 458 (1994), but have declined to apply it to parole revocation decisions, at least in the context of criminal cases. State v. Spanbauer, 108 Wis. 2d 548, 552, 322 N.W.2d 511, 513 (Ct. App. 1982). Although there may be good reasons to reach a different conclusion in the context of a civil case, I decline to consider arguments that defendants did not raise.

Even if I assume that Wisconsin courts would give preclusive effect to a parole revocation decision in the context of a civil case, defendants have not shown that they have met Wisconsin's test for applying issue preclusion. Defendants must show that (1) "the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and [have been] necessary to the judgment"; and (2) "it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." Mrozek v. Intra Financial Corp., 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 463-64, 699 N.W.2d 54, 61. Relevant factors for the latter inquiry include the availability of review of the first judgment, differences in the quality or extensiveness of the proceedings, shifts in the burden of persuasion and the adequacy of the loser's incentive to obtain a full and fair adjudication of

3

the issue.  Id.

With the respect to the first requirement, defendants do not develop their argument that any issues in this case were "actually litigated" in the revocation proceeding.  In this case, plaintiff does not deny that he was not at home on November 16, 2011, when defendant Reynolds made a home visit.  Rather, he alleges that Reynolds knew he would not be there because they had agreed earlier to reschedule the visit.  Defendants do not point to any portion of the revocation decision in which the administrative law judge  rejected that allegation.

Defendants ignore the second part of Wisconsin's test for issue preclusion.  They say nothing about whether it would be fundamentally fair to apply issue preclusion in this case. Accordingly, they have forfeited that issue for the purpose of this motion.

By failing to develop arguments about multiple issues that are central to their motion, defendants wasted their own resources, as the well as the court's, in filing their motion to dismiss.  In the future, I anticipate that counsel will take more care to address all relevant issues.

### B.  Plaintiff's Motion for Assistance in Recruiting Counsel

Plaintiff has filed what is his third motion for assistance in recruiting counsel.   I denied plaintiff's first motion because he failed to show that he made reasonable efforts on his own to obtain a lawyer.  Dkt. #6.  Magistrate Judge Stephen Crocker denied plaintiff's second motion because plaintiff had not shown that the complexity of the case exceeded his

ability to litigate it, which is the standard for recruiting counsel.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff's latest motion adds nothing to his second motion.  He makes a number of conclusory statements about the case being too difficult for him, but he does not give specific reasons to support these statements.  For example, he says that he has been receiving assistance from another prisoner but that prisoner will not be able to help him in the future.  However, none of plaintiff's filings indicate that they were prepared by another prisoner.  Further, plaintiff does not identify the other prisoner, explain why that prisoner or another one cannot help him in the future or explain why he is unable to litigate the case himself.  He does not say that he is illiterate or suffers from a mental illness.

The only specific issue plaintiff raises is that "[t]he April 24, 2012—Compact Disk from Plaintiff's Alston's Revocation Hearing is critical to Plaintiff's Alston's case, but difficult for him to obtain [due] to his prisoner status."  Dkt. #27 at 2.  However, plaintiff does not explain why the disk is critical (or even relevant) to his case or why needs a lawyer to obtain it.  He does not argue that defendants have refused any discovery requests to produce the disk or why, if they have, he has not filed a motion to compel under Fed. R. Civ. P. 37.  Because the disk relates to plaintiff's own hearing, it seems unlikely that there would be a security objection to providing the disk.

As the magistrate judge noted in response to plaintiff's previous motion, plaintiff's claims in this case are not particularly complex.  The primary issues are factual: did defendant Reynolds agree to postpone plaintiff's home visit?  Did the other defendants put

plaintiff in the Focused Deterrence program because of his race?  Answering these questions does not require expert testimony.  Rather, plaintiff should have personal knowledge of many of the facts necessary to prove these claims.  In any event, he has not shown at this point that he does not have the ability to conduct any discovery that he needs.


ORDER

IT IS ORDERED that

1.   The motion filed by defendants Samantha Kellogg, Paige Valenta, Tom Woodmansee, Cory Nelson, Noble Wray, City of Madison and Brian Reynolds  to dismiss plaintiff Eric Alston's claim against defendant Reynolds under the Fourth Amendment, dkt. #22, is DENIED.

2.  Plaintiff's motion for an extension of time, dkt. #24, is DENIED as moot.

3.  Plaintiff's motion for assistance in recruiting counsel, dkt. #27, is DENIED.

Entered this 8th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge