IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. ALSTON,

                        Plaintiff,

    v.

THE CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
KATHY DAYTON and BRIAN REYNOLDS,

                      Defendants.

ORDER

13-cv-635-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Eric T. Alston is proceeding in this court on a law suit in which he asserts two claims: (1) defendants Samantha Kellogg, Paige Valenta, Tom Woodmansee, Cory Nelson, Noble Wray and the City of Madison forced him to be a part of the Focused Deterrence program, in violation of the equal protection clause and the due process clause and; (2) defendant Brian Reynolds issued a warrant for plaintiff's arrest without any suspicion of wrongdoing, in violation of the Fourth Amendment. Now plaintiff has filed a submission titled "Plaintiff Informs the Court of Reta[li]ation and Harassment." Dkt. #43. In this document, plaintiff says that various prison officials have taken a number of adverse actions against him, such as false discipline, mail tampering and tampering with his legal materials.

      It is not clear whether plaintiff is seeking relief from the court because he does not ask

1

the court to do anything. To the extent plaintiff wants the court to stop the alleged harassment and retaliation, I am denying the request for two reasons.

First, plaintiff identifies no reason to believe that any of the adverse actions he discusses are related to this case. Plaintiff's claims are not about the conditions at the Oshkosh Correctional Institution (where plaintiff is incarcerated) and none of the defendants are employees at the prison, so it is not clear why correctional officers or prison officials would wish to retaliate against him for litigating this case.

Second, the general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). See also Dudgeon v. Fiorello, 06-C-563-C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (denying motion for preliminary injunction because it raised issues outside scope of complaint); Williams v. Nelson, 04-C-774-C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same). The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. The closest plaintiff comes to that standard is his allegation that he believes prison officials deleted legal information that plaintiff had on a computer disk. However, not only does plaintiff fail to provide any evidence to support his belief, he also fails to explain why he needed any information on that disk to litigate this case. Accordingly, I cannot find that plaintiff has been precluded from pursuing this case.

If plaintiff wishes to raise a claim concerning these allegations related to his conditions of confinement, he will have to do so in a separate lawsuit after he first exhausts his administrative remedies.

ORDER

IT IS ORDERED that the submission filed by plaintiff Eric T. Alston informing the court of retaliation and harassment, dkt. #43, will be placed in the court file without further consideration.

Entered this 4th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge