IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. ALSTON,

                                                    ORDER
                Plaintiff,

                                              13-cv-635-bbc
        v.

THE CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
KATHY DAYTON and BRIAN REYNOLDS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se prisoner Eric T. Alston is proceeding on several claims.  First, he alleges that

defendants Samantha Kellogg, Paige Valenta, Tom Woodmansee, Cory Nelson, Noble Wray

and the City of Madison included him in the "focused deterrence" program because of his

race, in violation of the equal protection clause.  (In the "focused deterrence" program, the

Madison Police Department tries to identify those individuals who are responsible for

creating a disproportionate amount of crime and focuses law enforcement and community

resources on them.  In addition, if those individuals reoffend, the department "commit[s]

to seeking swift and aggressive punishment by the criminal justice system." Wray Dec. ¶ 11,

dkt. #53).

        Second, plaintiff contends that the same defendants violated the due process clause

by failing to give him adequate notice or an opportunity to be heard before placing him in

1

the program.  Third, plaintiff alleges that defendant Brian Reynolds issued a warrant for plaintiff's arrest without any suspicion of wrongdoing, in violation of the Fourth Amendment.

Plaintiff has filed three motions for assistance in recruiting counsel since he filed this case, but the court denied each of them.  Dkt. ##6, 16 and 40.  I denied his most recent motion on the ground that he had not made the required showing under Pruitt v. Mote, 503 F.3d 647, 654, 656 (7th Cir. 2007), that the legal and factual difficulty of the case exceeds his ability to prosecute it.  However, after reviewing plaintiff's responses to defendants' motions for summary judgment, dkt. ##48 and 61, I am persuaded that I overestimated plaintiff's ability to litigate the case and underestimated its complexity.  Accordingly, I am denying defendants' summary judgment motions without prejudice and I am staying the case while the court searches for counsel to represent plaintiff.

With respect to plaintiff's ability to litigate the case, his summary judgment materials show that he is unable to comply with the court's procedures regarding submitting proposed findings of fact and responding to defendants' proposed findings of fact.  Further, even though most of plaintiff's allegations in his complaint relate to matters within his personal knowledge, he did not submit his own affidavit or declaration in support of his position on summary judgment. Instead, he simply attached numerous exhibits to his brief without properly authenticating them.  His briefs were disorganized and difficult to follow.

With respect to the complexity of the case, the parties' summary judgment materials suggest that the issues may be more complicated than they first appeared.  For example, the

current record does not make it clear how individuals are chosen for the "focused deterrence" program, either generally or with respect to plaintiff in particular. Defendants discuss a multi-step process in their proposed findings of fact, but much of the discussion is at such a high level of generality that it is impossible to scrutinize that process. A lawyer could help plaintiff develop the record to demonstrate whether he was treated the same as similarly situated individuals. Particularly because such a large number of the individuals chosen for the "focused deterrence" program are black (55 out of 64 as of March 2014), Dfts' PFOF ¶ 85, dkt. #69, and defendants admit the program has not been tested in the courts, Dfts.' Br., dkt. #49 at 38, it is important that plaintiff receives a full and fair hearing on his claim.


ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants City of Madison, Noble Wray, Tom Woodansee, Cory Nelson, Samantha Kellogg and Paige Valenta, dkt. #48, and the motion for summary judgment filed by Brian Reynolds, dkt. #61, are DENIED WITHOUT PREJUDICE.

2. The schedule in this case is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff Eric Alston. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held

to establish a new schedule for this case.

Entered this 6th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge