IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. ALSTON,

                              Plaintiff,

    v.

THE CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA,
KATHY DAYTON and BRIAN REYNOLDS,

                              Defendants.

ORDER

13-cv-635-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Eric Alston is proceeding on claims in which he challenges the validity of the decision to place him in the Madison Police Department's "focused deterrence" program. In addition, he says that defendant Brian Reynolds issued a warrant for plaintiff's arrest without any evidence of wrongdoing. In an order dated November 6, 2014, I concluded that plaintiff was entitled to assistance in recruiting counsel because the complexity of the case exceeded plaintiff's ability to litigate.

      Tom Kuzmanovic of the law firm Hinshaw and Culbertson LLP has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate,

1

and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes.  He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.  If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.  The court anticipates that plaintiff's counsel will wish to conduct discovery before either side files a new motion for summary judgment.  Counsel need not file an amended complaint, but he will be permitted to do so if he determines that

it is necessary to change the scope of the claims or the parties being sued.

Entered this 10th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge