IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC T. ALSTON,

            Plaintiff,

    v.

THE CITY OF MADISON, NOBLE WRAY,
TOM WOODMANSEE, CORY NELSON,
SAMANTHA KELLOGG, PAIGE VALENTA
and BRIAN REYNOLDS,

            Defendants.

ORDER

13-cv-635-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On December 16, 2015, I granted defendants' motions for summary judgment with respect to plaintiff Eric Alston's claims that defendants violated his rights under the Fourth Amendment, the equal protection clause and the due process clause by including plaintiff in the city's "focused deterrence" program. Dkt. #121. At that time, plaintiff was represented by an attorney whom the court helped recruit for plaintiff. Dkt. #78. Plaintiff's attorney filed an appeal on plaintiff's behalf, dkt. #123, and the Court of Appeals for the Seventh Circuit affirmed the summary judgment decision on May 2, 2017. Dkt. #138. Now, almost two years after the completion of the appeal, plaintiff has filed a pro se motion for reconsideration of my December 2015 order, arguing that his court-appointed attorney failed to investigate certain defenses, claims and possible evidence. Dkt. #139. Plaintiff's motion will be denied.

Although Federal Rules of Civil Procedure 59(e) and 60(b) provide some means for a federal court to amend, correct or reconsider a final judgment, it is far too late for plaintiff

1

to file a motion under either rule. A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. A Rule 60(b) motion for relief from a final judgment must be made within a "reasonable time" and in cases of alleged fraud, mistake, neglect or newly discovered evidence, no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c). In addition, this court no longer has jurisdiction over plaintiff's case. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Finally, because plaintiff and his former attorneys are both citizens of Wisconsin, any complaint that plaintiff may have about their representation is a matter of state law and would have to be filed in state court or a state agency with authority to address such matters. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (legal malpractice is cause of action that arises under state law).

ORDER

IT IS ORDERED that plaintiff Eric Alston's motion for reconsideration, dkt. #139, is DENIED.

Entered this 3d day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge